UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KIMBERLY WARRINER,

    Petitioner,

v.                                                         Case No:  2:17-cv-26-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Kimberly A. Warriner's Complaint (Doc. 1) filed on January 13, 2017.  Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits.  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions.  For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

I.    **Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    A.    **Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  The impairment must be severe, making the claimant unable to do her previous work or any

other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B. Procedural History

On January 16, 2013, Plaintiff filed an application for disability insurance benefits. (Tr. at 129, 190-97). Plaintiff asserted an onset date of December 21, 2012. (*Id.* at 190). Plaintiff's application was denied initially on April 25, 2013 and on reconsideration on June 3, 2013. (*Id.* at 105, 129). A hearing was held before Administrative Law Judge ("ALJ") T. Whitaker on May 14, 2015. (*Id.* at 62-103). The ALJ issued an unfavorable decision on July 20, 2015. (*Id.* at 12-25). The ALJ found Plaintiff not to be under a disability from December 21, 2012, through the date of the decision. (*Id.* at 25).

On December 22, 2016, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-5). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on January 13, 2017. This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 16).

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through December 31, 2017. (Tr. at 14). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 21, 2012, the alleged onset date. (*Id.*). At step two, the ALJ determined that:

> [Plaintiff suffered from the following severe impairments:] back pain, intrascapular numbness, and right anterio thigh numbness status post scoliosis surgery fusion and rod placement; dextroscoliosis and stenosis of thoracic spine; cervical degenerative disc disease; spondylolisthesis, facet hypertrophy, spondyloysis, levoscoliosis, facet anterolisthesis, and stenosis of lumbar spine with chronic low back pain syndrome and radiculopathy; history of left knee radiculopathy; foot drop; recurrent sacroiliitis; degenerative joint disease and recurrent trochanteric bursitis of right hip; obesity; depressive disorder; bipolar syndrome; anxiety; panic disorder; and history of bereavement (20 [C.F.R. §] 404.1520(c)).

(*Id.*). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (*Id.* at 15).

At step four, the ALJ found the following:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 [C.F.R. §] 404.1567(a) except lift, push, pull and carry 5 pounds occasionally and 2 pounds frequently; sit 6 hours in an 8 hour work day; stand and walk, in combination, 2 hours of an 8 hour work day; at one time, the claimant can only stand for 30

> minutes; and walk for 30 minutes; no pushing or pulling of hand or arm controls; no foot control operation; never climb ladders, ropes scaffolds, ramps and stairs; never kneel, crouch, crawl; only occasional balancing; occasional stooping but never stooping below the waist; occasional exposure to vibration; occasional exposure to respiratory irritants such as fumes, odors, dusts, and gases; no exposure to unprotected heights and dangerous machinery; work limited to simple routine, and repetitive tasks; only occasional interaction with the public; and limited to work that allows the use of a cane to stand, walk and balance.

(*Id.* at 17).

The ALJ determined that Plaintiff was unable to perform her past relevant work as an office manager or medical assistant. (*Id.* at 24). The ALJ considered Plaintiff's age, education, work experience, and residual functional capacity, and found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (*Id.* at 24-26). The ALJ noted that the vocational expert identified the following representative occupations that Plaintiff was able to perform: (1) surveillance system monitor, DOT # 379.367-010, sedentary, SVP2; and (2) addressing clerk, DOT # 209.587-010, SVP 2. (*Id.* at 25).[2] The ALJ concluded that Plaintiff was not under a disability at any time from December 21, 2012, through the date of the decision. (*Id.* at 26).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such

---

[2] "DOT" refers to the *Dictionary of Occupational Titles*.

relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II.    Analysis

On appeal, Plaintiff raises three issues. As stated by Plaintiff, they are:

1) The ALJ committed reversible error when she failed to give adequate weight to the opinions of treating physician Kenneth Berdick, M.D., and examining physician Vidya Kini, M.D., and instead relied on the dated and incomplete opinion of a non-examining medical consultant, in violation of 20 C.F.R. § 404.1527 and SSR 96-2p;

2) The ALJ's finding that Plaintiff's severe spinal impairment did not meet or medically equal Medical Listing 1.04 for at least twelve months during the relevant time period of disability is not supported by substantial evidence.

3) The ALJ's credibility assessment of Plaintiff is not supported by substantial evidence because the ALJ improperly discredited Plaintiff based on a purported failure to follow treatment advice and a lack of treatment "one would expect for a disabled individual."

(Doc. 12 at 2). The Court addresses each issue in turn.

A.      Weight Afforded Dr. Berdick's and Dr. Kini's Opinions

Plaintiff argues that the ALJ failed to establish good cause in affording only partial weight to treating physician Kenneth A. Berdick, M.D.'s opinion and in affording only partial weight to the opinion of examining physician Vidya P. Kini, M.D. (Doc. 12 at 7-8). The Court begins with the issues relating to Dr. Berdick's opinion.

Plaintiff asserts that the ALJ found Dr. Berdick's opinion not well-supported by the record evidence, and argues that the ALJ failed to cite to evidence that "contradicted or weighed against Dr. Berdick's opinion." (*Id.* at 8). The Commissioner claims that the ALJ gave "several reasons supported by substantial evidence for assigning partial weight to Dr. Berdick's opinion." (Doc. 14 at 6). The Commissioner further claims that the ALJ explained that Dr. Berdick's opinion was internally inconsistent when he indicated Plaintiff had no ability to stand or walk but also indicated that Plaintiff could stand or walk for 2 hours at a time. (*Id.*).

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (citations omitted). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)). The opinions

of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

In the decision, the ALJ generally summarized Dr. Berdick's medical records. (Tr. at 21). The ALJ noted that Dr. Berdick's treatment notes indicate that Plaintiff's chief complaint is back pain. (*Id.* at 19). Further, the ALJ noted that Dr. Berdick found upon examination of Plaintiff that her back "revealed tenderness to palpation in the lumbar region primarily with no swelling, erythema or warmth of the spine. She had pain increased with range of motion and palpation. She had negative straight leg raise bilaterally. She was unable to ambulate without any difficulties." (*Id.* at 19). The ALJ also noted that Plaintiff showed some improvement. (*Id.*). Thereafter, the ALJ summarized Dr. Berdick's Physical Capacity Evaluation of September 20, 2013. (*Id.* at 21). As stated by the ALJ, Dr. Berdick determined: "the claimant cannot stand or walk at all; but then indicated she can stand/walk for a total of 2 hours in an 8 hour work day. He stated she can sit for 2 hours at a time for a total of 6 hours in an 8 hour work day. He stated she cannot lift at all; and cannot use her hands for pushing, pulling or fine manipulation. He stated she cannot bend, squat, crawl, or climb (Exhibit 7F)." (*Id.*).

The ALJ afforded Dr. Berdick's opinion regarding Plaintiff's "ability to do work-related activities partial weight," concluding that the opinion was "not well-supported by medically acceptable clinical and laboratory diagnostic techniques and is inconsistent with other substantial evidence of record." (*Id.*). Although the ALJ reached this conclusion, the ALJ failed to indicate

what medical evidence of record contradicted Dr. Berdick's opinion as to Plaintiff's work-related abilities. As summarized by the ALJ, Dr. Berdick's records do not contradict his findings. Further, the ALJ failed to indicate exactly what other medical records contradict Dr. Berdick's opinion.

A brief review of Dr. Kini's opinion indicates that it supports Dr. Berdick's findings. Dr. Kini opined that Plaintiff suffers from severe pain, can work only two (2) hours per day, can stand only fifteen (15) minutes at one time, can sit only fifteen (15) minutes at one time, can occasionally lift five (5) pounds, can frequently lift three (3) pounds, and is limited to an extent as to neck rotation, elevation of chin, and bringing chin to neck. (*Id.* at 448). The Court finds that the ALJ failed to indicate how Dr. Berdick's opinion was inconsistent with other evidence of record.

The only specific internal inconsistencies noted by the ALJ are that Dr. Berdick found that Plaintiff "cannot stand or walk at all then stated she can stand/walk for 2 hours. He opined the claimant is limited to zero lifting but that is inconsistent with the medical evidence of record." (*Id.* at 21). In the Physical Capacity Evaluation, Dr. Berdick indicated that Plaintiff could not stand/walk at one time. (*Id.* at 401). He also indicated that throughout the workday, Plaintiff was able to stand/walk for two (2) hours. (*Id.*). Although at first blush these statements appear inconsistent, they can be easily reconciled by interpreting the form to mean that Plaintiff was not able to stand/walk for even a total of one hour– the lowest increment on the form – at one time, but was able to walk/stand for two (2) hours throughout the entire workday. (*Id.*). Thus, the ALJ's reliance on this statement being inconsistent does not rise to the level of good cause to discount one of Plaintiff's only treating physicians. Further, Dr. Berdick determined that Plaintiff was unable to lift and the ALJ found this statement generally inconsistent with

other medical records.  (*Id.* at 21, 401).  Again, the Physical Capacity Evaluation provided increments of "None," and then "Up to 10 lbs.," but nothing in between.  (*Id.* at 401).  Dr. Berdick chose "None," which can be considered consistent with Dr. Kini's finding that Plaintiff was able to lift occasionally five (5) pounds, and frequently three (3) pounds, as Dr. Berdick did not have these lesser-weight choices on the form.  Without a more thorough explanation or reason, the Court finds that the ALJ did not demonstrate good cause to afford Dr. Berdick's opinion only partial weight.

> B.      **Plaintiff's Remaining Arguments**

Plaintiff's remaining issues focus on the weight the ALJ afforded Dr. Kini's opinion, whether Plaintiff's impairments met Listing 1.04, and Plaintiff's credibility.  Because the Court finds that on remand, the Commissioner must reevaluate the medical evidence of Dr. Berdick in light of all of the evidence of record, the disposition of these remaining issues would, at this time, be premature.

Plaintiff requests, in the alternative, that this matter be reversed and remanded "for award of benefits."  (Doc. 12 at 1).  "This Court may reverse the decision of the Commissioner and order an award of disability benefits where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt."  *Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262, 1270 (M.D. Fla. 2012) (citing *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993)).  If the Court cannot discern the basis for the Commissioner's decision, then a sentence four remand may be appropriate to allow the Commissioner to explain the basis for the decision.  *Id.*  In this case, the Court cannot discern the basis for the Commissioner's decision and, thus, a sentence four remand to the Commissioner

is appropriate. Accordingly, the Court will reverse and remand the decision to the Commissioner for further consideration.

## III. Conclusion

Upon consideration of the submission of the parties and the administrative record, the Court finds that the decision of the Commissioner is not supported by substantial evidence.

**IT IS HEREBY ORDERED:**

(1) The decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider: (1) the medical records and opinions of Dr. Berdick and Dr. Kini; (2) whether Plaintiff's Impairments meet Listing 1.04; and (3) Plaintiff's credibility in light of the medical evidence of record.

(2) If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

(3) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE AND ORDERED** in Fort Myers, Florida on January 16, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties